IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JEFFREY JOHNSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-277 (RDA/LRV) |
| ) | |
| KATHY KAR PO NG, *individually and in* ) | |
| *her capacity as Administrator for the Estate* ) | |
| *of Donald Thomas Stepka, Deceased*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on *pro se* Defendant Kathy Kar Po Ng's Motion to Dismiss (Dkt. 2) and Plaintiffs' Motion to Remand (Dkt. 8). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). These matters have been fully briefed and are now ripe for disposition. Considering the Motion to Dismiss together with Plaintiffs' Opposition (Dkt. 4), and Defendant's Reply (Dkt. 12), as well as the Motion to Remand together with the Memorandum in Support (Dkt. 9), Defendant's Opposition (Dkt. Nos. 18; 19), and Plaintiffs' Reply (Dkt. 20), this Court GRANTS Plaintiffs' Motion to Remand and DENIES Defendant's Motion to Dismiss for the reasons that follow.

I. BACKGROUND

Plaintiffs Jeffrey Johnson, Katherine Nolan, Dale F. Stepka, Joyce Anne Brown, and Diane Lace, as Executor for the Estate of William Lacey, deceased, originally filed this action on March 14, 2023 in the Circuit Court for Arlington County. Dkt. 1-1. The action seeks to broadly declare that Defendant "is not the lawful spouse of Donald Thomas Stepka, deceased (the 'Decedent')"

1

and to "remove her as the Administrator for his estate and to declare that Plaintiffs are entitled to their *intestate* shares in Donald Thomas Stepka's estate." *Id.* The Complaint asserts that Defendant is a resident of the Commonwealth of Virginia. *Id.* ¶ 8. The Complaint further asserts that the Decedent was a resident of Arlington, Virginia at the time of his death and that Defendant qualified as Administrator of the Decedent's Estate in Arlington, Virginia. *Id.* ¶¶ 9, 11.

In filings in the Circuit Court for Arlington County, Defendant identified her address as "3705 2nd Street S., Arlington, VA 22204." Dkt. 1-1[1] at 12, 17, 28, 31, 34, 49, 66. The affidavit of service filed in the Circuit Court indicates that the summons and Complaint were posted on the door of Defendant's residence at "3705 2nd Street South, Arlington, VA 22204." *Id.* at 24. Defendant acknowledges as much in her filings in state court. *See id.* at 11 ("Sometime during the week of April 24, 2023, while Ms. Ng was in Las Vegas, a process server posted two copies of the instant Complaint on the front door of Ms. Ng's home."). In state court, Defendant filed a Motion to Quash Service of Process, which the Circuit Court heard and denied on October 13, 2023. *Id.* at 10-12 (Defendants' Joint Motion to Quash Service of Process), 164-65 (Order Denying Joint Motion to Quash).

Thereafter, Defendant filed a Motion for a Bill of Particulars on October 13, 2023 and a Consolidated Motion to Dismiss Plaintiffs' Complaint for Lack of Standing and Failure to State a Claim for Which Relief May be Granted on October 27, 2023, each identifying herself as residing at 3705 2nd Street South, Arlington, VA 22204. *Id.* at 88-93 (Motion for Bill of Particulars), 94-100 (State Consolidated Motion to Dismiss). On January 20, 2024, the Motion to Dismiss was Denied. *Id.* at 183-84 (Order Denying Motion to Dismiss). That same day, the Motion for Bill of

---

[1] Docket entry 1-1 is 197 pages long. Accordingly, outside of the pages of the Complaint itself, the Court will refer to page numbers when identifying specific portions of that filing.

Particulars was denied, and Defendant was removed as Administrator of the Estate. *Id.* at 181-82 (Order Removing Defendant as Administrator).

On February 22, 2024, Defendant removed the case to this Court. Dkt. 1. In the Notice of Removal, Defendant again reiterates that the summons in this matter was posted "on Ms. Ng's door" in Arlington, Virginia. Dkt. 1 at 2. Nevertheless, the Notice of Removal asserts that "Defendants [sic] Kathy Ng was a citizen of Washington, DC [sic] at the time of the Complaint filing [sic] and is currently, [sic] a citizen of Washington, DC [sic]." *Id.* at 9.

On February 29, 2024, Defendant filed her Motion to Dismiss. Dkt. 2. On March 12, 2024, Plaintiffs filed their Opposition. Dkt. 4. On March 14, 2024, Plaintiffs filed their Motion to Remand. Dkt. 8. On March 18, 2024, Defendant filed her Reply in support of the Motion to Dismiss. Dkt. 12. On April 3, 2024, Defendant filed her Opposition to the Motion to Remand. Dkt. 18. On April 9, 2024, Plaintiffs filed their Reply in support of the Motion to Remand.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action to a federal district court when the plaintiff could have originally brought the action in federal court. A motion challenging the removal of an action may be premised on either a lack of subject matter jurisdiction or a procedural defect apart from jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Motions to remand premised on a district court's lack of subject matter jurisdiction may be filed at any time, and the burden to establish federal jurisdiction falls on the removing party, with a removing party's jurisdictional allegations strictly construed in favor of remand. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Ultimately, a party seeking removal must establish that the district court can exercise original jurisdiction over the plaintiff's claims, which in most cases requires allegations supporting either

3

federal question or diversity jurisdiction[2] under 28 U.S.C. Sections 1331 and 1332, respectively. *Id.* (citing § 1441).

## III. ANALYSIS

Because Plaintiffs' Motion to Remand challenges whether the instant case is appropriately before this Court, the Court will first address whether this matter should be remanded to the Circuit Court of Arlington County. Plaintiffs make several arguments in support of remand. Because the removal was untimely, the Court need not address the other arguments.

Any notice of removal is required to be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). Here, at a minimum, Defendant responded to the Complaint in the Circuit Court of Arlington County when she filed the Motion to Quash on May 9, 2023. Dkt. 1-1 at 10-13. Yet, despite being in receipt of the Complaint by at least May 2023, Defendant waited more than six months – after the state court took actions with which she disagreed – to remove the case to this District. Dkt. 1. Thus, the removal here was untimely.

Seeking to avoid this conclusion, Defendant argues that removal was not appropriate until the Circuit Court of Arlington County issued the Order removing Defendant as Administrator, because Defendant did not know until that point that the amount in controversy would be satisfied. Dkt. 18 at 8-9. This argument is unpersuasive. The Complaint alleged that the Estate was valued in excess of $1,000,000. Dkt. 1-1 ¶¶ 17-18 (alleging personal property of $200,000 and real estate of $1,000,000). Moreover, Defendant herself acknowledged in her own filings that the Estate was

---

[2] A federal district court has diversity jurisdiction when: (1) the amount in controversy exceeds $75,000; and, (2) "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

4

valued in excess of $1,000,000. *Id.* at 66. Thus, in May 2023, Defendant knew that the value of the Estate exceeded $75,000 and that the Complaint sought to remove Defendant as a beneficiary of the Estate. *See Lee v. Food Lion, LLC*, 2013 WL 588767, at *4-*5 (remanding where defendant had notice of amount in controversy but failed to remove for five months). Because the face of the Complaint alleged an amount in controversy greater than $75,000, Defendant's removal more than six months after she received notice of the Complaint is untimely.

Defendant further seeks to argue that the case was not removable because there was a federal question that was not apparent until the issuance of the state court order. Dkt. 18 at 2. Here again, Defendant is incorrect. The Fourth Circuit recognizes that removal "is appropriate if the face of the complaint raises a federal question," but that "merely having a federal defense to a state law claim is insufficient to support removal." *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005). Here, Defendant argues that the January 2024 Order first implicated a federal question because it failed to give full faith and credit to Defendant's alleged common law marriage. Dkt. 18 at 2. But, in so arguing, Defendant concedes that no federal question was apparent on the face of the Complaint and therefore the removal in February 2024 was untimely.

Plaintiffs also appropriately argue that this Court lacks subject-matter jurisdiction. The removal here is "essentially an attempt to appeal in this federal court various state court rulings . . . [that] are generally not heard in federal court." *Torkornoo v. Torkornoo*, 2015 WL 1962271, at *3 (D. Md. Apr. 29, 2015). Defendant here challenges issues of estate administration that are typically reserved to the state court. *See Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006) (holding that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court"). Thus, this Court lacks

jurisdiction over the Complaint, which seeks a determination regarding who should be the administrator and beneficiaries of the Estate. *See Donnelly v. Misti*, 2020 WL 415898, at *2-*3 (D.S.C. Jan. 27, 2020) (finding that the court lacked subject matter jurisdiction where the plaintiff sought a determination that she was entitled to a portion of an estate). Thus, the Motion to Remand will also be granted for this separate reason.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that Plaintiffs' Motion to Remand (Dkt. 8) is GRANTED; and it is

FURTHER ORDERED that Defendant's Motion to Dismiss (Dkt. 2) is DENIED WITHOUT PREJUDICE in light of the Court's decision on remand; and it is

FURTHER ORDERED that this matter is REMANDED to the Circuit Court for Arlington County; and it is

FURTHER ORDERED that the Clerk of the Court is directed to close this civil action.

Plaintiff is warned that, ordinarily, remand orders are not appealable. *See* 28 U.S.C. § 1447(d); *In re Norfolk S. Ry. Co.*, 756 F.3d 282, 287 (4th Cir. 2014) ("The removal statute prohibits appellate review of district courts' orders 'remanding a case to the State court from which it was removed.'"). Nonetheless, to appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

It is SO ORDERED.

Alexandria, Virginia  
August 28, 2024

/s/  
Rossie D. Alston, Jr.  
United States District Judge